IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JANE DOE, proceeding under a pseudonym,<br><br>　　　　Plaintiff<br>v.<br><br>**KIRKER DAVIS LLP**, CHRISTOPHER MICHAEL VINCENT KIRKER ESQ., HOLLY REBECCA DAVIS, ESQ., PAGE MOORE BROWN, ESQ., MEGAN ELIZABETH RAMIREZ, ESQ., JANET MCCULLAR, ESQ., CAROLINE KING MORRISON, ESQ., STEPHEN WILLIAM PAYNE, ESQ., ANTHONY F. BRIGANO, ESQ., ALYSE FAYE DONNELLY, ESQ., JORDAN HYDEN, MARIA SPINNICCI, HUNTER BRYANT, JULIE HILL, MIRANDA ZICCARDI, SONJA ST. CLAIR, CAITLIN GOLD, JESSICA C. COULOMBE, ESQ.,<br><br>**DEYERLE SILVA SMITH PLLC**, KODY CHARLES SILVA, ESQ., CHRISTIANE MINJI KIM, ESQ., MARIBELL GOMEZ, ESQ., PRISCILLA SABANCI, RACHEL ZINSMEYER, KATE KOSCHESKI,<br><br>**WALTERS GILBREATH PLLC**, JAMES S. GILBREATH, ESQ., SARAH GILBREATH, CARAH-BETH BASS, ESQ., LAUREN E. SCOTT, ESQ.,<br><br>**LIEBMANN FAMILY LAW**, DAVID J. SOWERBUTTS, ESQ.<br><br>**DIANA VILLARREAL** (aka DIANA CARRASCO, DIANA CARRASCO ROMERO), SERGIO CARRASCO, SIERRA CHRISTINA ROMERO, JOHN | Case No.<br><br> 1:25CV01957 DAE<br><br>JURY TRIAL DEMANDED<br><br> |

| | |
|---|---|
| DOE and<br><br>JOHN DOE 1-50, and<br>JANE DOE 1-50,<br><br>                    Defendants. | |

## **PLAINTIFF'S MOTION TO PROCEED PSEUDONYMOUSLY**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Jane Doe, proceeding pro se, respectfully moves this Court for an order permitting her and her former spouse, John Doe, to proceed pseudonymously in the above-captioned action. In support of this motion, Plaintiff shows as follows:

### 1. Nature of the Case

This lawsuit concerns the illegal interception of Plaintiff's private communications, the theft and dissemination of more than twenty-five years of her confidential records, and the unlawful use and disclosure of those materials by multiple individuals and law firms. The action involves claims under the **Federal Wiretap Act, civil RICO,** and related state-law torts.

The case necessarily requires reference to Plaintiff's **medical information, financial records, identifying documents, private communications,** and other highly sensitive materials that were unlawfully obtained and circulated.

### 2. Necessity for Anonymity

Revealing Plaintiff's identity in connection with these allegations would:

- further invade her privacy,

- compound the harm caused by Defendants' unlawful conduct,
- expose her to harassment, retaliation, or reputational injury, and
- risk additional dissemination of the very private information at issue.

Federal courts consistently permit pseudonymity where disclosure would exacerbate the harm the litigation seeks to remedy—particularly in cases involving private communications, medical records, intimate matters, or unlawful surveillance.

## 3. No Harm to the Public Interest

Proceeding pseudonymously will not impair the public's ability to understand, scrutinize, or evaluate these proceedings.

The defendants are all **fully identified**, and all allegations and claims remain publicly available. Allowing pseudonyms merely protects the privacy of the victim of the alleged unlawful conduct, without sealing any substantive materials.

This balance is recognized in *Doe v. Stegall*, where the Fifth Circuit emphasized the need to protect parties when litigation involves "matters of a highly sensitive and personal nature." 653 F.2d 180, 185 (5th Cir. 1981).

## 4. Necessity of Pseudonymity for Both Plaintiff and Her Former Spouse

Plaintiff and her former spouse are publicly connected through marriage records and court filings. If only Plaintiff proceeded pseudonymously, disclosure of the former spouse's name would immediately reveal Plaintiff's identity through simple cross-referencing.

Thus, to meaningfully protect Plaintiff's anonymity, **both** parties must proceed as **Jane Doe** and **John Doe**. Courts routinely permit this approach when the identity of one party would necessarily reveal the identity of the protected party.

Federal courts routinely authorize pseudonymity in cases involving highly sensitive or intimate information, where disclosure of a party's identity would risk further harm, where the plaintiff is a victim of unlawful privacy violations, or where the relationship between the parties would render anonymity ineffective unless extended to both. See *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981); *EW v. New York Blood Center*, 213 F.R.D. 108 (E.D.N.Y. 2003) (pseudonymity appropriate to protect medical and identifying information); *Doe v. Blue Cross & Blue Shield of R.I.*, 794 F. Supp. 72 (D.R.I. 1992) (protecting medical and confidential records). The circumstances of this case fall squarely within—and indeed exceed—the situations in which courts grant pseudonym protection.

**6. No Prejudice to Defendants**

Defendants will not be prejudiced by pseudonymity:

- They know Plaintiff's identity.
- Discovery and litigation will proceed normally.
- No defense is hindered or impaired.

The only effect is preventing public exposure of Plaintiff's identity and the accompanying harms.

**WHEREFORE, Plaintiff respectfully requests that this Court enter an order permitting:**

1. Plaintiff to proceed under the pseudonym **Jane Doe**;

2. Her former spouse to be designated as **John Doe**;

3. All filings, pleadings, and public documents to reflect those pseudonyms; and

4. Any necessary identifying information to be filed **under seal** upon the Court's request.

Respectfully submitted,

DATED: December 1, 2025

/s/ Jane Doe
_____
**JANE DOE**
Plaintiff, Pro Se
Proceeding under pseudonym
Address omitted pursuant to Fed. R. Civ. P. 5.2
Email: legalnotices205@yahoo.com