UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **JANE DOE, PROCEEDING UNDER A PSEUDONYM;** *Plaintiff* § § § § | |
| v. § | No. 1:25-CV-01957-DAE |
| § | |
| **KIRKER DAVIS LLP, ET AL.,** *Defendants* § § § | |

**ORDER**

Before the Court is Plaintiff Jane Doe's motion to proceed pseudonymously. Dkt. 1. The District Judge referred the motion for disposition pursuant to Rule CV-72, Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and 28 U.S.C. § 636(b)(1)(A). After considering the motion and the relevant law, the Court denies the motion.

**I.    BACKGROUND**

Jane Doe, proceeding pro se, filed this lawsuit based on her ex-husband's allegedly unlawful behavior leading up to and during their divorce proceeding. Dkt. 1-1. Doe claims that her ex-husband colluded with his girlfriend, defendant Diana Villareal, to enter Doe's home to steal her "personal and confidential records" to "obtain strategic leverage" during the divorce proceeding. *Id.* at 8, 11. Doe also names as defendants the counsel her ex-husband hired to represent him during the divorce, accusing them of "engag[ing] in **rabid and unlawful disclosure** of Plaintiff's private information, circulating the intercepted communications and stolen

1

documents among firm personnel and using them strategically in litigation despite clear knowledge of their illegal origin." *Id.* at 13 (emphasis in original). Based on these allegations, Doe brings claims against Defendants for civil conspiracy, unjust enrichment, intentional infliction of emotional distress, and invasion of privacy, as well as for violations of the Federal Wiretap Act and the Racketeer Influenced and Corrupt Organizations ("RICO") Act. *Id.* at 14-22. Doe moved to proceed pseudonymously because this case "necessarily requires reference to [her] medical information, financial records, identifying documents, private communications, and other highly sensitive materials[.]" Dkt. 1, at 2.[1]

## II.    LEGAL STANDARD

Generally, parties to a lawsuit must identify themselves in their pleadings. Fed. R. Civ. P. 10 ("The title of the complaint must name all the parties[.]"); Fed. R. Civ. P. 17(a) ("An action must be prosecuted in the name of the real party in interest."); *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979). The requirement that the parties must be identified in the pleadings "protects the public's legitimate interest in knowing all the facts involved in the case, including the parties' identities." *Doe v. Compact Info. Sys., Inc.*, No. 13-5013, 2015 WL 11022761, at *3 (N.D. Tex. Jan. 26, 2015) (citing *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)). Under certain circumstances, however, "a party may proceed anonymously or under a pseudonym." *Doe v. La. State Univ.*, No. 20-379, 2020 WL 6493768, at *1 (M.D. La. June 30, 2020) (quoting *Doe v. Griffon Mgmt.*

---

[1] Doe also requests that the Court order "[h]er former spouse to be designated as John Doe[.]" Dkt. 1, at 5.

*LLC*, No. 14-2626, 2014 WL 7040390, at *1 (E.D. La. Dec. 11, 2014)). "It is the exceptional case in which a plaintiff may proceed under a fictitious name." *Frank*, 951 F.2d at 323.

There is "no hard and fast formula for ascertaining whether a party may sue anonymously. The decision requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). Courts consider the following factors when determining whether to permit a party to proceed anonymously: (1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit compels the plaintiff to disclose information of the utmost intimacy; (3) whether the plaintiff is compelled to admit prior violations of state laws or government regulations, or their intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff may expect extensive harassment and perhaps even violent reprisals if their identity is disclosed; (5) whether the plaintiff is a minor; and (6) the public's interest in the litigation. *Id.* at 185; *Wynne & Jaffe*, 599 F.2d at 713. Given that no single factor is dispositive in this analysis, a judge should "carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Frank,* 951 F.2d at 323 (emphasis in original).

### III.   DISCUSSION

Doe moves to proceed pseudonymously because this "case requires discussion of deeply private, unlawfully obtained materials," such as the "highly sensitive personal information, including private communications, medical and financial records, and confidential documents" that she alleges her ex-husband and Villareal unlawfully obtained to use in the divorce proceeding. Dkt. 1-4, at 2. Doe argues that revealing her identity in this lawsuit would "expose victims of illegal surveillance, medical privacy violations, or sensitive personal information to additional injury[.]" *Id.* at 3. She further posits that the public interest will not be undermined by allowing her to proceed anonymously because "[a]ll defendants [besides her ex-husband] are fully identified, and the allegations, claims, and legal issues remain entirely public." *Id.* Finally, she argues that Defendants will not be prejudiced by her proceeding under a pseudonym because "[t]hey already know Plaintiff's identity and will have full access to any information needed to defend this case." *Id.* at 4. Ultimately, Doe insists that the "only effect of pseudonymity is preventing public dissemination of [her] identity and further invasion of her privacy." *Id.*

After considering the factors relevant to Doe's request to proceed anonymously, the Court finds that the risks to Doe in identifying herself in this lawsuit are not sufficient to warrant deviation from the general rule of public access to court records. Doe argues that she should be allowed to proceed under a fictious name because this case involves the "deeply private" information unlawfully obtained from her home by her ex-husband and Villareal, though she does not specify the nature of this

information other than to reference "medical privacy violations." *Id.* at 2-3. "[I]nformation of the utmost intimacy" that might justify allowing a plaintiff to proceed anonymously has generally been found to involve matters such as birth control, abortion, sexual orientation, gender identity, mental illness, welfare rights of illegitimate children, and personal religious beliefs. *See Wynne & Jaffe*, 599 F.2d at 712, 713 (finding that "matters of a sensitive and highly personal nature" include "birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families"); *see also Compact*, 2015 WL 11022761, at *4.

Doe cites *EW v. New York Blood Ctr.*, 213 F.R.D. 108 (E.D.N.Y. 2003), and *Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. 72 (D.R.I. 1992), for the proposition that courts "routinely" allow plaintiffs to proceed pseudonymously in cases like hers, yet those cases involved a sexually transmitted disease or a sex change, neither of which appears to form any part of Doe's claims. *See* Dkts. 1; 1-4, at 4; *EW*, 213 F.R.D. at 112 (granting plaintiff's request to use pseudonym because the "embarrassment and fear of stigmatization because she has HBV, which is like AIDS, a sexually and blood-transmitted disease, is real"); *Doe*, 794 F. Supp. at 72, 74 (allowing plaintiff to proceed anonymously where plaintiff filed suit "in an attempt to recoup medical expenses he incurred in connection with his sex change").[2] Doe's

---

[2] Doe also cites *Stegall*, yet there the Fifth Circuit found that a mother and two children challenging the constitutionality of religious practices in public schools had a right to proceed under fictious names because the case involved minors and "[e]vidence on the record indicates that the Does may expect extensive harassment and perhaps even violent reprisals if their identities are disclosed." Dkt. 1-4, at 4; *Stegall*, 653 F.2d at 186. Here, in contrast, Doe has presented no evidence that she might face such harassment or violence if her name is disclosed.

generalized fear that this lawsuit may involve her "most personal information" such as medical records does not compel a finding that she is entitled to proceed pseudonymously, especially when she may move to seal any future filings that include medical information. *Frank,* 951 F.2d at 323 ("The risk that a plaintiff may suffer some embarrassment is not enough."); *Fonda v. Retting*, No. 4:22-CV-00501, 2022 WL 3703181, at *1 (S.D. Tex. Feb. 28, 2022) ("[T]o the extent Plaintiff must provide any sensitive private information in public filings, he may seek reasonable redaction or sealing of information and documents through a separate, legally and factually supported, motion to seal.").

Doe also posits that proceeding under her real name would "place [her] at significant risk of harassment, reputational harm, emotional distress, and potential financial exposure." Dkt. 1-3, at 2. Yet based on Doe's motion and complaint, the harassment she has endured stems only from those named as Defendants in this lawsuit, who are already aware of her identity; she has identified no other basis to suggest that parties unrelated to this lawsuit might seek to harass her because of the claims she brings in this case. *See* Dkts. 1-1; 1-4; *Doe v. Hallock*, 119 F.R.D. 640, 644 (S.D. Miss. 1987) ("[T]he plaintiff's claim in this case is directed at and could potentially affect only a limited number of individuals, namely the defendants. Thus, it is highly unlikely that she could reasonably expect harassment from the community in general."). Doe has identified no other grounds for proceeding anonymously, as she is not challenging governmental activity, does not allege that she will be at risk of criminal prosecution based on her claims, or that she is a minor. See Dkts. 1-1; 1-4;

*Stegall*, 653 F.2d at 186. Weighed against the public's "fundamental" right to access judicial proceedings, Doe has not shown that this is "an exceptional case in which a compelling need exists to protect an important safety or privacy interest." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021) ("The public's right of access to judicial proceedings is fundamental."); *Hallock*, 119 F.R.D. at 644 (denying motion to proceed anonymously where plaintiff did not show that "a compelling need exists to protect an important safety or privacy interest").

## IV. CONCLUSION

Based on the foregoing discussion, Doe's motion to proceed pseudonymously, Dkt. 1, is **DENIED**.

The referral to the Magistrate Judge should now be canceled.

SIGNED December 15, 2025.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE